IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MIGUEL GARCIA,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| | § § | **Jury Trial Requested** |
| **WALKER ENGINEERING, INC.** | § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, MIGUEL GARCIA (hereinafter "Plaintiff') and files this Original Complaint (hereinafter "Complaint"), complaining of WALKER ENGINEERING, INC. (hereinafter "Defendant") and would show unto the Court as follows:

### I.
### PRELIMINARY STATEMENT:

1. This is an action brought by Plaintiff against Defendant for wrongful discharge and retaliation by Defendant in violation of the Families First Coronavirus Response Act ("FFCRA" Pub. L. No. 116-127, 134 Stat. 178 (2020)), the Family and Medical Leave Act ("FMLA" Pub. L. No. 103-3; 107 Stat. 6 (1993)), and the Fair Labor Standards Act ("FLSA" Pub. L. 75-718; 52 Stat. 1060 et seq (1938), as amended) and the public policy/laws of the State of Texas.

2. Defendant, at all times relevant to the violations of the FFCRA, FMLA, and FLSA, was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(l). Throughout Plaintiff's employment, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. Section 203(s)(l).

## II.
## PARTIES AND SERVICE:

3. Plaintiff is an individual who resides in Dallas County, Texas.

4. Defendant is a Texas corporation with a principal place of business located in Irving, Texas, Dallas County. Defendant may be served process by serving its registered agent for service, C T Corporation System, at its registered address of 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.
## JURISDICTION AND VENUE:

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343 and 1337 because this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff asserts causes of action involving federal questions based upon the FFCRA, FMLA, and FLSA.

6. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims herein occurred in said District. Additionally, Defendant is a resident of said District. Because the acts/omissions giving rise to Plaintiffs claims occurred in Ellis County, Texas, venue is appropriate in the Dallas Division of the Northern District of Texas.

## IV
## BACKGROUND FACTS:

7. This is a wrongful discharge/retaliation suit brought by Plaintiff relating to his wrongful termination of employment by Defendant.

8. Defendant is a Texas-based company providing commercial electrical contracting and technology services since 1981. Defendant hired Plaintiff in September of 2019 as Quality Assurance Specialist.

9. On October 19, 2020, Plaintiff began having chest pains and was experiencing high blood pressure. Plaintiff's wife took him to the emergency room at Baylor Scott and White in Grand Prairie, Texas. While at the emergency room, Plaintiff was tested for COVID-19; Plaintiff's test came back positive. Plaintiff called his supervisor same day to let him know he had tested positive for COVID, and that he had been instructed to quarantine for 14 days starting on October 20, 2020 (i.e., until November 3, 2020).

10. During Plaintiff's 14-day quarantine, Plaintiff had to again return to the hospital; on October 30, 2020 he was admitted to Mansfield Methodist, where he stayed until discharged on November 4, 2020.

11. Defendant terminated Plaintiff on November 6, 2021. Upon information and belief, Plaintiff was one of multiple employees that Defendant terminated after they tested positive for COVID-19.

12. Although Plaintiff has secured new employment following his termination from Defendant, Plaintiff is not making as much as he was making when working for Defendant, and the health insurance benefits available through his new employer are not as good or as affordable as his health insurance benefits were as an employee of Defendant.

13. Defendant's actions were done knowingly, willfully and in bad faith without objectively reasonable grounds to believe that Defendant's conduct did not violate the FLSA. thereby rendering Defendant liable for liquidated damages and/or punitive damages pursuant to the FFCRA, and claim is made therefore.

## VI.
## FIRST CAUSE OF ACTION:
## VIOLATION OF FAMILIES FIRST CORONAVIRUS
## RELIEF ACT OF 2020-RETALIATION

14. Plaintiff incorporates by reference paragraphs 1 through 13 of this Complaint.

15. Plaintiff's First Cause of Action arises from Defendant's unlawful termination of Plaintiff from his employment with Defendant because he utilized protected status granted to him by the FFCRA. These acts were taken in retaliation for Plaintiff taking a leave of absence from work related to his own COVID diagnosis protected by the FFCRA.

16. Upon information and belief, Defendant employed less than 500 employees at all relevant times and is a private entity affecting interstate commerce, and therefore, Defendant is subject to the FFCRA.

17. Plaintiff was an eligible employee as defined by Section 3(e) of the FLSA (29 U.S.C. § 203(e)), who had "been advised by a health care provider to self-quarantine due to concerns related to COVID-19" and/or was "experiencing symptoms of COVID-19 and seeking a medical diagnosis" under the FFCRA, § 5102(a)(2) and (3).

18. Defendant knew that Plaintiff was an eligible employee within the meaning of the FFCRA and entitled to the benefits and protections of the FFCRA.

19. Plaintiff informed Defendant of all of the relevant information needed to satisfy the notice provisions of FFCRA, which protects individual employees seeking leave due to a medically directed period of self-isolation, such as what Plaintiff endured.

20. Under the FFCRA (and the Emergency Family and Medical Leave Expansion Act), Plaintiff was legally entitled to take up to 12 weeks of medical leave without the need to work, as he met all requisite qualifications in light of his medical diagnosis, which he provided to

Defendant. Moreover, pursuant to federal law (specifically the FFCRA's Emergency Paid Sick Leave Act) – Plaintiff was entitled to paid leave and job protection.

21. Plaintiff managed to provide notices to Defendant of his diagnosis and medical situation despite the fact that Defendant completely failed to provide proper notice to Plaintiff of his federal rights under the FFCRA and the Emergency Paid Sick Leave Act ("EPSLA") and the Emergency Family and Medical Leave Expansion Act ("EFMLEA") by April 1, 2020, as required by Federal law. In fact, Plaintiff was never informed of the requisite notice requirements of leave rights prior his termination by Defendant.

22. As a result of Defendant's termination of Plaintiff in retaliation for Plaintiff's use and/or attempted use of his FFCRA rights, he suffered and continues to suffer lost wages, lost employment benefits, and other pecuniary damages and lost privileges of employment.

23. Defendant's actions were done knowingly, willfully and in bad faith without objectively reasonable grounds to believe that Defendant's conduct did not violate the FLSA, thereby rendering Defendant liable for liquidated damages and/or punitive damages pursuant to the FFCRA, and claim is made therefore.

## VII.
## SECOND CAUSE OF ACTION:
## VIOLATION OF THE FAMILIES FIRST CORONAVIRUS RELIEF ACT OF 2020 -INTERFERENCE WITH RIGHTS

24. All foregoing allegations are incorporated herein by reference.

25. Plaintiff's second cause of action arises due to Defendant's interference with Plaintiff's exercise and/or attempted exercise of his protected rights under the FFCRA.

26. At all times relevant to this lawsuit, all employees of an employer covered by the FFCRA were eligible for up to two (2) weeks of paid sick leave if they were diagnosed with COVID-19 and advised to quarantine by a health care provider.

27. A healthcare provider advised Plaintiff to self-quarantine due to concerns related to COVID-19 on October 19, 2020. Plaintiff informed Defendant of all the relevant information needed to satisfy the notice provisions of FFCRA, which protects individual employees seeking leave due to a medically directed period of self-isolation related to COVID, such as what Plaintiff endured.

28. Under the FFCRA, Plaintiff was legally entitled to take up to 12 weeks of medical leave without the need to work, effective October 20, 2020, as he met all requisite qualifications in light of his medical diagnosis (and the documentation he provided to Defendant from his physician). Moreover, pursuant to federal law (specifically the FFCRA's Emergency Paid Sick Leave Act) – Plaintiff was entitled to paid leave and job protection.

29. Additionally, Plaintiff managed to provide all such relevant notice information despite the fact that Defendant completely failed to provide proper notice to Plaintiff of his federal rights under the FFCRA and the EPSLA and the EFMLEA by April 1, 2020, as required by Federal law. In fact, Plaintiff was never informed of the requisite notice requirements of leave rights prior his termination by Defendant.

30. Defendant's actions in failing to respond to Plaintiff's notice concerning his diagnosis and terminating him while he was still in the hospital receiving treatment constitute direct interference with his rights under the FFCRA, and these actions were done in bad faith and without objectively reasonable grounds to believe that Defendant's conduct did not violate the FFCRA.

31. Defendant's actions in failing to consider Plaintiff's entitlement to leave under the FFCRA and in terminating Plaintiff's employment constituted direct interference with Plaintiff's

rights under the FFCRA, and these actions were done in bad faith and without objectively reasonable grounds to believe that Defendant's conduct did not violate the FFCRA.

32. Defendant's actions in failing to provide notice to Plaintiff of his rights under the FFCRA once they knew of information that gave rise to the possibility that he was entitled to such rights constituted direct interference with his rights under the FFCRA, and these actions were done in bad faith and without objectively reasonable grounds to believe that Defendant's conduct did not violate the FFCRA.

33. As a result of Defendant's direct and willful interference with Plaintiff's FFCRA rights, he suffered and continues to suffer lost wages, lost employment benefits, and other pecuniary damages and lost privileges of employment.

34. Defendant's actions were done knowingly, willfully and in bad faith without objectively reasonable grounds to believe that Defendant's conduct did not violate the FLSA. thereby rendering Defendant liable for liquidated damages and/or punitive damages pursuant to the FLSA and/or FFCRA, and claim is made therefore.

## VIII.
## THIRD CAUSE OF ACTION:
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. All foregoing allegations are incorporated herein by reference.

36. Defendant denied Plaintiff leave under the EPSLA of the FFCRA and failed to compensate him for his regular rate of pay for the required 80-hour sick leave period. An employer who fails to pay an employee his regular rate of pay under the FFCRA is "considered to have failed to pay minimum wages in violation of section 6 of the FLSA (29 U.S.C. § 206)." Id. at § 105(a)(1).

37. The FFCRA has expressly identified that enforcement of and all penalties arising from violations of the EPSLA shall be governed by relevant sections of the FLSA.

38. It is unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who exercises his rights under the FFCRA. "An employer who willfully violates section 5104 [of the FFCRA] shall … be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 215(a)(3))." Id. at § 5105(b)(1).

39. Additionally, an employer who in any way disciplines, discriminates or retaliates against, and/or discharges an employee in violation of the FFCRA is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation. Id. at § 5105(b)(2). Penalties under sections 16 and 17 of the FLSA include, but are not limited to, lost wages, an equivalent amount of liquidated damages, and attorney's fees and costs. See FLSA, 29 U.S.C. § 216; 217.

40. Defendant willfully (1) denied Plaintiff's request for qualifying paid sick leave under the FFCRA; (2) failed to compensate Plaintiff his regular wages for same; (3) refused to allow him to return back to work following his qualifying paid sick leave; (4) terminated Plaintiff in retaliation for his request for emergency paid sick leave and his COVID-19 diagnosis in violation of the FCRA and the FLSA; and (5) terminated Plaintiff during his protected leave.

41. These actions as aforesaid constitute violations of the FLSA, as well as the FFCRA, and caused and continues to cause Plaintiff to suffer lost wages, lost employment benefits, and other pecuniary damages and lost privileges of employment.

42. Defendant's actions were done knowingly, willfully and in bad faith without objectively reasonable grounds to believe that Defendant's conduct did not violate the FLSA, thereby rendering Defendant liable for liquidated damages and/or punitive damages pursuant to the FLSA and/or FFCRA, and claim is made therefore.

## IX.
## FOURTH CAUSE OF ACTION
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

43. All foregoing allegations are incorporated herein by reference.

44. Plaintiff is a covered and eligible employee under the FMLA, who worked at least one thousand two hundred and fifty (1,250) hours in the twelve (12) months preceding his notice to Defendant of his need for sick leave for a serious health condition. Plaintiff had worked for Defendant for over a year at the time he provided this notice to Defendant.

45. Defendant has or had more than fifty (50) employees working for it within a seventy-five (75) mile radius of the Dallas County location from which Plaintiff primarily worked at all times relevant. Defendant was and is an employer under the FMLA.

46. In October and November of 2020, Plaintiff exercised his rights and/or attempted to exercise his rights under the FMLA by notifying Defendant of his emergency room visit, COVID diagnosis, and hospitalization. Plaintiff's actions constituted protected activity under the FMLA.

47. The FMLA and regulations promulgated thereunder prevent an employer from discriminating against employees who have exercised rights and/or taken FMLA leave. 29 U.S.C. § 2615(a) (2); 29 C.F.R. § 825.220(c).

48. Defendant willfully violated the FMLA and the regulations promulgated thereunder in that they interfered with Plaintiff's FMLA rights and disciplined, discharged, discriminated, and/or retaliated against Plaintiff as a result of his attempt to use FMLA leave, including but not limited to the following:

   a. Unreasonably withholding approval and/or authorization of leave under the FMLA.

    b.       Failing to effectively communicate with Plaintiff regarding the availability of leave and job protections under the FMLA once informed of Plaintiff's condition.

    c.       Failing to follow normal procedures with respect to the processing of a leave request pursuant to the FMLA.

    d.       Failing to provide timely written notices to Plaintiff as required by the FMLA and regulations promulgated thereunder.

    e.       Discharging Plaintiff's employment without cause after he made Defendant aware of his FMLA-qualifying reason for leave.

49.      As more fully described herein, the direct interference with Plaintiff's ability to utilize the FMLA rights to which he was entitled and the discharge of Plaintiff's employment after he informed Defendant of conditions giving rise to protections under the FMLA constitute adverse employment actions under the FMLA.

50.      Defendant knowingly and willfully violated the FMLA in that Defendant interfered with Plaintiff's ability to use FMLA leave and discharged, discriminated and/or retaliated against Plaintiff as a result of his qualification for or his attempt to use FMLA leave, as more fully set forth above.

51.      As a result of Defendant's interference with Plaintiff's FMLA rights and in retaliation for Plaintiff's invocation and/or attempted invocation of those rights, Plaintiff suffered the loss of his job and job-related benefits, such as lost income and increased cost of less favorable employment-related benefits. Plaintiff seeks compensatory damages, as well as reasonable attorney's fees and costs.

52.      Defendant's acts and omissions, as more fully described above, were performed in bad faith and without a reasonable basis to believe it was not violating the FMLA.  Defendant's

actions were intentional, willful, and in reckless disregard for Plaintiff's rights under the FMLA, thereby rendering Defendant liable for liquidated damages and/or punitive damages pursuant to the FMLA, and claim is made therefore.

## X.
## JURY TRIAL DEMANDED:

42. Plaintiff demands a trial by jury on all issues of fact.

## PRAYER & RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial on the merits he recover judgment against Defendant, said judgment entitling Plaintiff to:

a. Compensation for all reasonable damages suffered by Plaintiff, including, but not limited to, past and future wages and other compensation, in an amount to be determined upon inquest;

b. Compensation for compensatory and punitive damages, in an amount to be determined upon inquest;

c. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

d. Liquidated damages and/or exemplary damages;

e. All costs of court expended in this lawsuit;

f. Reasonable and necessary attorney's fees;

g. A mandatory injunction reinstating Plaintiff's employment benefits, retroactive to November 6, 2020;

h. A judgment finding that Defendant deprived Plaintiff of his interest in his employment without due process; and

i. Such other and further legal relief, either at law or equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

Shackelford, Bowen, McKinley & Norton, LLP

By: */s/ Michelle A. Morgan*
Michelle Morgan
Texas Bar No. 00794335
mmorgan@shackelford.law
Martha Hardwick Hofmeister
State Bar No. 08981500
mhofmeister@shackelfordlaw.net
9201 N. Central Expressway, Fourth Floor
Dallas, Texas 75231
T: 214.780.1400 | F: 214.780.1401

**ATTORNEYS FOR PLAINTIFF**
**MIGUEL GARCIA**